IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLYDE NUBINE,<br>TDCJ-CID NO. 398312, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-12-1283 |
| RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Clyde Nubine filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1)[1] challenging his disciplinary proceeding.[2] Pending before the court is Respondent's Motion to Dismiss as Moot with Brief in Support ("Respondent's Motion") (Docket Entry No. 10) to which Nubine filed a Response ("Nubine's Response") (Docket Entry No. 13). Also pending before the court are Nubine's Motion for Summary Judgment (Docket Entry No. 14) and Motion for Hearing (Docket Entry No. 16). For the reasons stated below, the court will grant Respondent's Motion to

---

[1]Petition for a Writ of Habeas Corpus By a Person in State Custody ("Nubine's Petition"), Docket Entry No. 1.

[2]Nubine also filed a Supplemental Pleading to support his Petition, along with two Letters of Inquiry regarding his Petition; Motion for Leave of Court to File Supplemental Pleading to Nubine's Petition, Docket Entry No. 8; Letter of Inquiry, Docket Entry No. 9; Second Letter of Inquiry, Docket Entry No. 12.

Dismiss and will deny Nubine's Petition, Nubine's Motion for Summary Judgment, and Nubine's Motion for Hearing.

## I.  **Procedural History and Claims**

### A.  **Procedural History**

Nubine was sentenced on April 8, 1985, to seventy-five years in prison for murder with a deadly weapon.[3]  Nubine does not challenge his state court judgment, but instead challenges disciplinary case number 20120139116, in which he was found guilty of the offense of threatening to inflict harm on a prison officer on January 23, 2012.[4]  Nubine's punishment for this disciplinary violation included a loss of 45 days of commissary and recreation privileges, a demotion from S3 classification to L1 classification, and a loss of ten days of good-time credit.[5]

Nubine filed a Texas Department of Criminal Justice (TDCJ) Step 1 Grievance challenging the outcome of the disciplinary

---

[3]Nubine's Petition, Docket Entry No. 1, p. 2; Commitment Inquiry, Exhibit A to Respondent's Motion, Docket Entry No. 10-1, pp. 2-3.  Page citations to state court records, including the disciplinary hearing records and disciplinary grievance records, are to the pagination imprinted by the federal court's electronic filing system at the top right of the document.  Page citations to the federal briefs are to the native page numbers in the documents.

[4]Nubine's Petition, Docket Entry No. 1, pp. 2 & 5 (challenging disciplinary case number 20120139116); TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 11-1, p. 3 (hearing was held on January 23, 2012).

[5]Nubine's Petition, Docket Entry No. 1, p. 5; TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 11-1, p. 3.

proceeding, and the reviewing warden upheld the guilty verdict on February 7, 2012.[6]  Nubine then filed a TDCJ Step 2 Grievance appeal, and in response the TDCJ overturned the guilty verdict on April 9, 2012, and notified Nubine that his records would be corrected.[7]

**B.    Petitioner's Claims and Respondent's Response**

Nubine alleges three due process violations as bases for habeas relief.[8]   In his first claim Nubine challenges TDCJ disciplinary policies that allow a prisoner's release date and sentence duration to be changed as punishment for a disciplinary violation.[9]  Specifically, Nubine claims his due process rights were violated when he received disciplinary punishment that changes the duration of his sentence, and he requests an injunction against the TDCJ from imposing disciplinary punishments that alter prisoner release dates.[10]

In his second claim Nubine alleges that his Discipline Hearings Officer deprived him of ten good-time days without due

---

[6]TDCJ Step 1 Offender Grievance Form, Docket Entry No. 11-2, pp. 5-6.

[7]TDCJ Step 2 Offender Grievance Form, Docket Entry No. 11-2, pp. 3-4.

[8]Nubine's Petition, Docket Entry No. 1, pp. 6-7 and Attachments 1-2.

[9]Id. at 6 and Attachment 1.

[10]Id.

-3-

process of law because she refused to hear his version of the facts before imposing disciplinary punishment.[11]  Nubine requests that the Disciplinary Hearings Officer and all persons who work with her be restrained or enjoined from depriving Nubine of his liberty interest again in the future.[12]

In his third claim Nubine alleges that TDCJ grievance procedures, particularly the TDCJ's ability to delay review of his Step 2 Grievance appeal, violate his due process rights.[13]  Nubine requests an injunction against the TDCJ from using grievance procedures that hinder the review of Step 2 Grievance appeals.[14]

The Respondent alleges that Nubine's Petition should be dismissed with prejudice because his claims are moot.[15]

## II.  <u>Analysis</u>

Nubine's claims in his habeas Petition are moot.  Under Article III, § 2 of the Constitution, federal courts have no authority to decide moot questions.  <u>See</u> <u>Louisiana Environmental Action Network v. United States EPA</u>, 382 F.3d 575, 580-81 (5th Cir. 2004).  A case becomes moot when either "the issues presented are

---

[11]<u>Id.</u> at 6 and Attachments 1-2.

[12]<u>Id.</u>

[13]<u>Id.</u> at 7 and Attachment 2.

[14]<u>Id.</u>

[15]Respondent's Motion, Docket Entry No. 10, pp. 3-5.

-4-

no longer 'live,'" or a litigant "lack[s] a legally cognizable interest in the outcome." <u>Resident Council of Allen Parkway Village v. United States Dept. of Housing & Urban Development</u>, 980 F.2d 1043, 1048 (5th Cir. 1993) (internal citations and quotations omitted).

In response to Nubine's Step 2 Grievance appeal, the TDCJ overturned Nubine's guilty verdict and removed this offense from Nubine's disciplinary record.[16] Nubine's first claim, challenging the punishments imposed for his disciplinary offense, is no longer a live issue because the TDCJ cleared Nubine's record of the offense and the punishments after the guilty verdict was overturned. Nubine's second claim, challenging the disciplinary proceeding in which Nubine was convicted of the offense and given punishment, is no longer a live issue because the offense has been overturned and his record has been cleared. Nubine's third claim, challenging the TDCJ grievance process through which Nubine appealed his guilty verdict, is no longer a live issue because Nubine's verdict was successfully appealed and overturned.

To demonstrate that his claims still present live issues Nubine alleges that part of his punishment for the disciplinary

---

[16]TDCJ Step 2 Offender Grievance Form, Docket Entry No. 11-2, pp. 3-4; Disciplinary Records, Exhibit B to Respondent's Motion, Docket Entry No. 10-2, p. 2 (showing that on May 3, 2012, Nubine's Disciplinary Records no longer included Disciplinary Case Number 20120139116, the disciplinary case that is the subject of Nubine's Petition).

offense remains in place because his S3 status was never returned and his L1 status remains in effect.[17]   However, Respondent has presented evidence that Nubine's offense and resulting punishments, including classification demotion, have been completely removed from his record.[18]  Nubine's disciplinary record indicates that his current L1 status is the result of a more recent disciplinary offense that is not at issue in this habeas petition.[19]   Nubine provides no evidence to demonstrate that he continues to suffer from the punishments imposed for the overturned disciplinary offense at issue in this action.   The court concludes that all of Nubine's claims are no longer live issues, and are therefore moot.[20]

---

[17]Second Letter of Inquiry, Docket Entry No. 12, p. 1.

[18]Disciplinary Records, Exhibit B to Respondent's Motion, Docket Entry No. 10-2, p. 2 (showing that on May 3, 2012, Nubine's Disciplinary Records no longer included Disciplinary Case Number 20120139116, the disciplinary case that is the subject of Nubine's Petition).

[19]Id. (indicating that Nubine's current classification status is "L1," and his classification was demoted from "S3-L1" on January 23, 2012, for Disciplinary Case Number 20120143429). Nubine argues that in Disciplinary Case Number 20120143429 his classification was demoted from "L1 to L2" status and not from "S3 to L1" status, but the evidence he provides is an unofficial (and largely illegible) document; Nubine's Response, Docket Entry No. 13, pp. 11-12; Appendix to Nubine's Response, Docket Entry No. 15, Appendix 3.

[20]Because the court further concludes that Nubine's claims do not allege actionable violations of due process, Nubine's argument that his claims are "capable of repetition yet evading review" on the merits does not defeat the mootness of his claims; Nubine's Response, Docket Entry No. 13, p. 13.

Moreover, even assuming that Nubine's claims were not moot, the claims would still not be actionable. Courts have recognized that "'[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.'" Broussard v. Johnson, 253 F.3d 874, 876 (5th Cir. 2001) (quoting Wolff v. McDonnell, 94 S.Ct. 2963, 2975 (1974)). An inmate's due process rights are implicated only when the disciplinary measures taken against him inflict deprivations that are atypical and significant in relation to the ordinary incidents of prison life. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).

Nubine's first two claims, challenging his disciplinary proceeding and resulting punishments, are not actionable. The TDCJ imposed the following punishments for Nubine's offense of threatening to inflict harm on an officer: commissary restriction, recreation restriction, demotion from S3 classification to L1 classification, and loss of ten good-time days.[21] The commissary and recreation restrictions imposed on Nubine are merely changes in the conditions of his confinement, which do not implicate due process concerns. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Such restrictions do not constitute "the type of atypical, significant deprivation" that would be actionable. Id. See also

---

[21]Nubine's Petition, Docket Entry No. 1, p. 5; TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 11-1, p. 3.

Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Pichardo v. Kinker, 73 F.3d 612, 612-13 (5th Cir. 1996).

Nubine's demotion in classification, which under certain circumstances might reduce his ability to earn future good-time credits and adversely affect his chances for parole, is not actionable because the demotion does not have a definite and clear impact on the length of his prison confinement. Malchi, 211 F.3d at 957. A prisoner does not have a constitutionally cognizable right to a particular time-earning status. Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992). Nor do Texas prisoners have any liberty interest in parole. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). See also Gordon v. Perry, 259 Fed. App'x. 651, 653 (5th Cir. 2007) (unpublished) (Texas prisoners have no property interests in obtaining parole).

Moreover, Nubine's loss of ten days of good-time credit and demotion in classification is not actionable because Nubine was convicted of murder with a deadly weapon, which bars him from using good-time credits to obtain an early release from prison. See Tex. Gov't Code Ann. § 508.149(a) (West 2012). Therefore, Nubine could not assert an actionable claim as a result of the disciplinary proceeding regardless of whether he forfeited ten good-time days, or whether he would be deprived of any future good-time days as a result of his demotion in classification. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) ("[I]t is difficult to see that any

-8-

other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status."). The court therefore concludes that Nubine's first two claims, challenging his disciplinary proceeding and punishment, are not actionable.

Nubine's third claim, challenging the TDCJ's review of his Step 2 Grievance appeal, is also not actionable. Nubine challenges the TDCJ's ability to extend the TDCJ procedural time limit for reviewing a Step 2 Grievance appeal. Because prisoners have no constitutional interest in a prison official's failure to follow procedures, Nubine has no constitutional interest in the TDCJ's failure to review Nubine's Step 2 Grievance appeal without granting a delay. See Brewster v. Dretke, 587 F.3d 764, 768 (5th Cir. 2009) ("A prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met.") (internal quotation marks and citation omitted). The court therefore concludes that Nubine's third claim, challenging the TDCJ's review of his Step 2 Grievance appeal, is not actionable.

To the extent that Nubine requests injunctions against the TDCJ applying its disciplinary policies and grievance procedures in the future, the court has no basis for granting such injunctive relief because Nubine's due process rights have not been violated. Should Nubine be subject to future disciplinary proceedings, he can

-9-

again pursue the administrative review process, and if he is not satisfied, he can then file another habeas petition.

For all the reasons stated in this Memorandum Opinion and Order, Nubine's Motion for Summary Judgment will be denied. The court further concludes that it can make an informed decision without a hearing, and as such, Nubine's Motion for Hearing will also be denied. Barrientes v. Johnson, 221 F.3d 741, 770 (5th Cir. 2000) (stating the rule that a district court has discretion to deny a habeas petitioner's request for an evidentiary hearing when it has "sufficient facts before it to make an informed decision on the merits of [the habeas petitioner's] claim.") (internal quotation marks and citation omitted).

## III.   Certificate of Appealability

Although Nubine has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA for claims denied on the merits Nubine must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004). To make such a showing Nubine must demonstrate that it is debatable among reasonable jurists whether a court could resolve the issues in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. Tennard, 124 S. Ct. at 2569.

-10-

For the reasons stated in this Memorandum Opinion and Order, Nubine has not made a substantial showing of a denial of a constitutional right. Accordingly, a Certificate of Appealability will not issue in this case.

## IV. Conclusion and Order

For the reasons explained above, the court finds that Nubine's Petition is denied as moot and is also denied on the merits. The court **ORDERS** the following:

1. Respondent's Motion to Dismiss with Brief in Support (Docket Entry No. 10) is **GRANTED.**

2. Nubine's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED.**

3. Nubine's Motion for Summary Judgment (Docket Entry No. 14) is **DENIED.**

4. Nubine's Motion for Hearing (Docket Entry No. 16) is **DENIED.**

5. A Certificate of Appealability is **DENIED.**

**SIGNED** at Houston, Texas, on this the 7th day of August, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-11-